UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

LEVI MORGAN,

      Plaintiff,

v.

NCL (BAHAMAS) LTD., A
BERMUDA COMPANY, D/B/A
NORWEGIAN CRUISE LINE AND/OR NCL,

      Defendant.

_____/

## **COMPLAINT**

Plaintiff, Levi Morgan, through undersigned counsel, sues Defendant, NCL (BAHAMAS) LTD., A BERMUDA COMPANY, D/B/A NORWEGIAN CRUISE LINE AND/OR NCL, and alleges as follows:

## **JURISDICTION, VENUE AND PARTIES**

1.    The Court has jurisdiction over this action pursuant to 28 U.S.C. 1332 (a)(1) because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and diversity of citizenship exists between the parties. In the event this matter does not come under diversity jurisdiction of the Court, the Plaintiff shall proceed under admiralty jurisdiction.

2.    Plaintiff, Levi Morgan, at all times material hereto is and was a citizen of the State of CA.

3.    Defendant, NCL (BAHAMAS) LTD., A BERMUDA COMPANY, D/B/A NORWEGIAN CRUISE LINE AND/OR NCL, is a foreign corporation with its principal place of business in the State of Florida. At all times material, NCL (BAHAMAS) LTD., A BERMUDA COMPANY, D/B/A NORWEGIAN CRUISE LINE AND/OR NCL, was

authorized to and conducted business in the State of Florida. Defendant has sufficient minimum contacts with Florida, or otherwise intentionally availed itself of the consumer markets within Florida to render the exercise of jurisdiction by Florida courts permissible under traditional notions of fair play and substantial justice. Indeed, the Passenger Ticket Contract that NCL (BAHAMAS) LTD., A BERMUDA COMPANY, D/B/A NORWEGIAN CRUISE LINE AND/OR NCL provided to Plaintiff included a forum selection clause that mandated that any litigation should be pursued before the United States District Court of the Southern District of Florida in Miami. A copy of the Contract is in the possession of Defendant and will be produced through discovery.

4.    The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

## FACTUAL ALLEGATIONS

5    Plaintiff readopts, realleges and incorporates the allegations in paragraphs 1 through 4 as though alleged herein.

6.    At all times material, Defendant, NCL (BAHAMAS) LTD., A BERMUDA COMPANY, D/B/A NORWEGIAN CRUISE LINE AND/OR NCL, owned, operated, managed, maintained and/or controlled the cruise vessel "Norwegian Jewel".

7.    Plaintiff, Levi Morgan, boarded the Defendant's vessel for a cruise.

8.    While on the cruise, on or about November 18, 2015, Plaintiff was injured on a piece of glass while biting into ice cream.

9.    As a result of the fall, Plaintiff sustained severe bodily injury.

### Count I
### Negligence

10.    Plaintiff readopts, realleges and incorporates the allegations in paragraphs 1 through 9 as though alleged herein.

11.    At all times material, Defendant owed the Plaintiff the duty to use

reasonable care under the circumstances.

12.     Defendant breached its duties to Plaintiff in one or more of the following respects, including but not limited to:

a.     Failing to exercise reasonable care in preparing and/or maintaining their ice cream;

b.     Failing to adequately conduct inspections to ensure that a dangerous, hazardous and unsafe condition such as glass in ice cream did not exist;

c.     Failing to warn Plaintiff that the ice cream was unreasonably dangerous;

d.     Failing to remove all foreign substances from the ice cream;

e.     Failing to periodically and properly check the ice cream so as to remove all foreign substances;

13.     Defendant had actual knowledge of the dangerous condition; or if Defendant lacked such actual knowledge, this dangerous condition existed for such a length of time that, in the exercise of ordinary care, the Defendant, NCL (BAHAMAS) LTD., A  BERMUDA COMPANY, D/B/A   NORWEGIAN CRUISE LINE AND/OR NCL, should have known of the condition should have known of it; or in the alternative, the condition occurred with regularity and was therefore foreseeable.

14.     That this condition was not readily apparent to someone who could get injured, such as the Plaintiff.

15.     At all times material, Defendant had exclusive custody and control of the area where Plaintiff was injured.

16.     As a direct and proximate result of the foregoing negligence of Defendant, Plaintiff, Levi Morgan, suffered bodily injury and resulting pain and suffering, aggravation of a pre-existing condition, disability, mental anguish, embarrassment and

humiliation, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and loss of wages.  The losses are either permanent and/or are continuing in nature and Plaintiff will suffer loss and impairment in the future.

**WHEREFORE**, Plaintiff, Levi Morgan, demands judgment against Defendant, NCL (BAHAMAS) LTD., A  BERMUDA COMPANY, D/B/A   NORWEGIAN CRUISE LINE AND/OR NCL, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

Signed this 13th day of October, 2016

Respectfully Submitted,

**LAW OFFICES OF JASON TURCHIN**
Attorney for Plaintiff
2883 Executive Park Drive
Suite 103
Weston, Florida 33331
Telephone:   (954) 659-1605 x 212
Facsimile:    (954) 659-1380

By:*/s/ Sara Schafer*
SARA SCHAFER, ESQ.
Florida Bar No. 84455
JASON TURCHIN, ESQ.
Florida Bar No. 585300